2009 UT App 197

**Stewart BECKER, Petitioner,**

**v.**

**SUNSET CITY, Respondent.**

**No. 20070379–CA.**

Court of Appeals of Utah.

July 23, 2009.

Jerrald D. Conder, Salt Lake City, for Petitioner.

Felshaw King, Kaysville, for Respondent.

Before Judges BENCH, ORME, and DAVIS.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Stewart Becker appeals the Sunset City Appeal Board's decision that affirmed his termination from the Sunset City Police Department. We set the Board's decision aside and direct the Board to give him a new hearing.

¶ 2 On April 4, 2007, Becker was terminated and given a letter that briefly outlined the appeals process, including his rights to a hearing, to be represented by counsel, to examine evidence, and to confront witnesses. The letter, however, did not mention the important requirement that the Board's decision had to be made within fifteen days from the date the Board received the appeal. *See* Utah Code Ann. § 10–3–1106(5)(a)(i) (Supp. 2008).

¶ 3 Becker filed his appeal on April 5–the day after his termination. He promptly began looking for an attorney to represent him and made an appointment for April 18. On April 9, Sunset City sent Becker a letter, via certified mail, informing him that his hearing would be held on April 16. Although the post office unsuccessfully attempted to deliver the letter on April 10, Becker received no notice of the attempt or notice that the letter was being held at the post office. On Friday, April 13, Becker called a Sunset City lieutenant, who informed Becker the hearing would be held on Monday. Also on April 13, prompted by a call from Becker, a city employee tracked the letter via the internet and determined that the letter had not been delivered and was still at the post office.

¶ 4 The Board convened its hearing on Monday, April 16. As soon as the hearing began, Becker informed the Board that he had received notice of the hearing only the previous Friday, that he wished to be represented by counsel, and that due to the short notice he was unable to prepare his case or to obtain counsel for the hearing despite arranging, more than a week earlier, for an appointment with an attorney. After the Board's chair informed Becker, for the first time, of the fifteen-day completion requirement, Becker stated that he was unsure what to do. He said that he would proceed with what he had but also expressed his hesitation to do so, stating that "the [a]ttorney was, was critical to me." Despite Becker's late notice and lack of counsel, the Board essentially ignored his expressed concerns and proceeded with the hearing, at the conclusion of which it affirmed Becker's termination.

¶ 5 Becker now seeks our review of the Board's decision. Becker argues that the Board abused its discretion when it did not grant him a continuance because Becker's due process rights to notice and a meaningful opportunity to be represented by counsel had been violated. "Due process challenges ... are questions of general law and we give no deference to the agency's determination of what constitutes due process[.]" *Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 28 (Utah Ct.App.1991). In reviewing the Board's decision not to grant a continuance, we determine "if the appeal board abused its discretion or exceeded its authority." Utah Code Ann. § 10–3–1106(6)(c). *See generally Sorge v. Office of the Attorney Gen.*, 2006 UT

App 2, ¶ 22, 128 P.3d 566 (defining abuse of discretion), *cert. denied,* 138 P.3d 589 (Utah 2006).

¶ 6 Becker has a recognized property right in his job. *See* Utah Code Ann. § 10–3–1105(1) (2007); *id.* § 10–3–1106. Accordingly, Sunset City was required to follow adequate due process procedures in connection with its termination of his employment. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538–39, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Lucas v. Murray City Civil Serv. Comm'n,* 949 P.2d 746, 752 (Utah Ct.App.1997) ("If a property interest in continued employment exists, then the employee is entitled to procedures comporting with the minimum requirements of due process, as provided in the Constitution."). "[D]ue process is flexible and, being based on the concept of fairness, should afford the procedural protections that the given situation demands." *Dairy Prod. Servs., Inc. v. City of Wellsville,* 2000 UT 81, ¶ 49, 13 P.3d 581 (citations and internal quotation marks omitted). "Despite the flexibility of administrative hearings, there remains the necessity of preserving fundamental requirements of procedural fairness in administrative hearings." *Sorge,* 2006 UT App 2, ¶ 18, 128 P.3d 566 (citation and internal quotation marks omitted).

¶ 7 Due process, at a minimum, requires *timely* "notice and opportunity for hearing appropriate to the nature of the case," *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *Accord In re Worthen,* 926 P.2d 853, 877 (Utah 1996) ("[T]o satisfy due process, a hearing must be prefaced by timely notice[.]") (citation and internal quotation marks omitted). For notice to satisfy due process requirements, it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and "a reasonable time ... to make their appearance." *Mullane,* 339 U.S. at 314, 70 S.Ct. 652.

¶ 8 The Board was statutorily required, absent a continuance, to make its decision within fifteen days after it received the referral for the appeal. *See* Utah Code Ann. § 10–3–1106(5)(a)(i),(ii) (Supp.2008). Given this remarkably short time frame, the Board must be vigilant in taking reasonable steps to *"attempt to provide* actual notice." *Dusenbery v. United States,* 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (emphasis in original). *See Jones v. Flowers,* 547 U.S. 220, 230, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ("[T]he government [is required] to consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case."). Certified mail is generally an adequate means of providing notice. *See Dusenbery,* 534 U.S. at 169, 122 S.Ct. 694. However, more was required here given the facts of this case, i.e., that the notice was placed in the mail only one week before the hearing and that in order for Becker to receive the written notice—at least absent some notification from the postal service that a certified letter was being held for him at the post office—he would have had to be home at the time the mail was delivered to sign for it. *See Jones,* 547 U.S. at 234–35, 126 S.Ct. 1708 (discussing that regular mail may actually have been more likely to give notice than certified mail because regular mail will be delivered even if no one is home). Sending the notice by both certified and regular mail, placing a phone call to inform Becker of the imminent hearing, or hand delivering a copy of the notice to Becker [1] would ensure the notice was reasonably calculated to provide actual notice of the hearing and give Becker as much time as possible to prepare for the hearing. *Cf. id.* at 234–35, 237, 126 S.Ct. 1708 (discussing "followup measures" or "additional reasonable steps" the government should have taken after the notice letter was returned to it in the mail,[2] and stating that

---

1. Sunset City knew how to find Becker and, indeed, sent an officer to retrieve a policy manual from his home shortly after his termination.

2. We note that the envelope containing the April 9 letter indicates that the post office did not return the undelivered letter to Sunset City until after the hearing-on April 25.

"[f]ollowing up by publication was not constitutionally adequate under the circumstances presented ... because ... it was possible and practicable to give [the petitioner] more adequate warning of the impending tax sale"); *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902, 908–09 (Utah 1993) (requiring enough advance notice to enable the person to prepare a response). Without proper notice and adequate time to prepare for the hearing, the statutory rights to counsel, *see* Utah Code Ann. § 10–3–1106(4)(a), and to confront witnesses, *see id.* § 10–3–1106(4)(c), are meaningless.

¶ 9 The Board has statutory authority to grant a continuance when good cause is shown. *See id.* § 10–3–1106(5)(a)(ii) ("For good cause, the board may extend the 15–day period under subsection 5(a)(i) to a maximum of 60 days, if the employee and municipality both consent."). The phrase "good cause" is defined as "a 'special circumstance' that was beyond the party's control." *Penta Creeks, LLC v. Olds (In re General Determination of Rights to the Use of Water )*, 2008 UT 25, ¶ 35, 182 P.3d 362 (citation omitted).

██ ¶ 10 The following facts demonstrate that a continuance was clearly warranted. First, the immediacy of the hearing once Becker received notice left him only a weekend to prepare. *See In re Worthen*, 926 P.2d at 877 ("[T]o satisfy due process, a hearing must be prefaced by timely notice which adequately informs the parties of the specific issues they must prepare to meet.") (emphasis, citation, and internal quotation marks omitted). And even if all went well with delivery and receipt of the certified letter, Becker would only have had four or five days advance notice of the hearing. Second, Becker stated at the hearing his firm desire to be represented by an attorney, a right to which he was statutorily entitled, *see* Utah Code Ann. § 10–3–1106(4)(a). Significantly, this was not some vague desire on Becker's part, but rather he had promptly set about to find an attorney, had found one that would meet with him soon, and had made an appointment to see the attorney within mere days of calling him. When the Board was informed of these facts, it abused its discretion in not considering whether to continue the hearing. *See generally Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 26 (Utah Ct.App.1991) ("[A]n abuse of discretion [means] a clearly erroneous conclusion and judgment-one that is clearly against the logic and the effect of [the] facts ... or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing.") (citation and internal quotation marks omitted). *Cf. Jones*, 547 U.S. at 234, 126 S.Ct. 1708 (stating that "the State should have taken additional reasonable steps," if available, when the government had knowledge of failed notice).

¶ 11 Because the hearing proceeded in violation of Becker's due process rights, the Board's decision affirming Becker's termination is set aside. The Board is directed to hold a new hearing on Becker's termination appeal in which Becker has the assistance of retained counsel of his own choosing. To fully vindicate his due process rights, the Board's consideration must begin entirely anew, and the evidence received and statements made at the first hearing must be disregarded entirely. In the vernacular, Becker is entitled to a "do over." Given our disposition, we express no opinion on the other issues Becker raises.

¶ 12 WE CONCUR: RUSSELL W. BENCH and JAMES Z. DAVIS, Judges.